## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY JANE SOULE** | * | **CIVIL ACTION** |
| Plaintiff | | |
| | * | **NO:** |
| versus | | |
| | * | **SECTION:** |
| **RSC EQUIPMENT RENTAL, INC.** | | |
| Defendant | * | **MAGISTRATE:** |

\* \* \* \* \* \* \* \*

## **COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Mary Jane Soule, an individual of the full age of majority and a resident and domiciliary of the Parish of St. Tammany, State of Louisiana, within the Eastern District of Louisiana, and for her Complaint against Defendant, RSC Equipment Rental, Inc., respectfully represents as follows:

1.

Made defendant herein is RSC Equipment Rental, Inc., a foreign corporation organized under the laws of a State other than Louisiana, with its principal business office in Scottsdale, Arizona, and with its principal place of business in Louisiana in the City of Baton Rouge.

2.

This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the Plaintiff and the Defendant are citizens of different states, and pursuant to 28 U.S.C. §1331, as this action arises under the laws of the United States, more particularly 29 U.S.C. § 2601, *et seq.*, The Family and Medical Leave Act ("FMLA").

3.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391, as all of the events giving rise to this action occurred within the Eastern District of Louisiana.

4.

Defendant is an employer, as defined in 29 U.S.C. § 2611, and is, therefore, subject to the FMLA. Plaintiff is an eligible employee as defined in 29 U.S.C. § 2611.

5.

Plaintiff was employed as an outside sales person for Defendant in its New Orleans office from January 1, 1996 through January 14, 2011, when her employment was abruptly terminated by Defendant.

6.

Commencing in or about October 2009, Plaintiff began commuting to and from Pensacola, Florida on weekends to care for her sick and infirm mother, who is cared for by Plaintiff's husband on the week days. Plaintiff would leave New Orleans on Friday afternoon and return to New Orleans on Monday morning, and the need for this arrangement was made immediately to known to Defendant through, *inter alia*, Plaintiff's immediate supervisor, Bill Hoffpauir.

7.

Shortly after Plaintiff began commuting to and from Pensacola, Florida on weekends to care for her sick and infirm mother, Defendant began a campaign of harassment and retaliation against Plaintiff, including, but not limited to, scheduling meetings when it was known Plaintiff would not be in town, complaining about Plaintiff's absences from the office and putting additional, unwarranted pressure on Plaintiff about her job performance expectations.

8.

It was not until October 2010, a year after Plaintiff had been commuting to and from Pensacola, Florida on weekends to care for her sick and infirm mother, that Plaintiff was informed by Defendant of her rights under the FMLA. Plaintiff was provided with forms to be completed and, eventually, was approved for intermittent leave.

9.

However, even after Plaintiff's intermittent leave under the FMLA was approved by Defendant, its campaign of harassment and retaliation continued. Ultimately, the harassment and retaliation culminated in the termination of Plaintiff's employment on January 11, 2011.

10.

The foregoing actions by Defendant constitute an interference with Plaintiff's rights under the FMLA, in violation of 29 U.S.C. §2615.

11.

The foregoing actions by Defendant constitute discrimination and retaliation against Plaintiff for exercise of her rights under the FMLA, in violation of 29 U.S.C. § 2615.

12.

As a result of the foregoing, Plaintiff has been injured and is entitled to recover damages, including but not limited to lost wages, salary, employment benefits or other compensation; interest; liquidated damages, reasonable attorney's fees, and reasonable expert fees and costs, all as allowed under 29 U.S.C. § 2617.  Plaintiff is further entitled to all equitable relief as may be appropriate, as further provided by 29 U.S.C. § 2617.

**WHEREFORE**, Plaintiff, Mary Jane Soule, prays that this Complaint be filed and deemed sufficient and that, after all due and legal proceedings are had herein, there be Judgment in her favor and against Defendant, RSC Equipment Rentals, Inc., for all damages, interest, liquidated damages, equitable relief provided for by statute, reasonable attorney's fees, reasonable expert fees and costs.

**Respectfully submitted:**

**LOWE, STEIN, HOFFMAN, ALLWEISS & HAUVER**

By: _____
    **MICHAEL R. ALLWEISS (2425)**
    **MARYNELL L. PIGLIA (20329)**
    **One Shell Square, Suite 3600**
    **701 Poydras Street, 36th Floor**
    **New Orleans, LA 70139-3600**
    **Telephone: (504) 581-2450**
    **Attorneys for Mary Jane Soule**