UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY JANE SOULE                                                          CIVIL ACTION

VERSUS                                                                   NO. 11-2022

RSC EQUIPMENT RENTAL, INC.                                               SECTION "N" (3)

## ORDER

On February 1, 2011, the Motion for Protective Order Governing Confidential Documents and Information [Doc. #24] came on for oral hearing before the undersigned. Present were Michael Allweiss and Marynell Piglia on behalf of plaintiff and Dominic Gianna on behalf of defendant. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law, the parties' oral arguments and the documents withheld, the Court rules as follows.

**I.     Background**

The complaint alleges as follows. Defendant employed plaintiff as an outside sales representative from January 1, 1996 through January 14, 2011. In October 2009, plaintiff began to commute to Pensacola, Florida on the weekends to care for her sick and infirm mother. Plaintiff's husband cares for her mother during the week. Plaintiff informed her immediate supervisor, Bill Hoffpauir, of the commute and the need to care for her mother.

Plaintiff alleges that once she began the commute, defendant began a campaign of

harassment and retaliation against her, including, but not limited to, scheduling meetings when defendant knew plaintiff would not be in town, complaining about her absences, and adding unwarranted pressure on plaintiff about her job performance.

In October 2010, defendant informed plaintiff of her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. Plaintiff completed forms, and defendant ultimately approved her for intermittent leave. Even after it approved her leave, however, defendant allegedly continued the harassment and retaliation, which ultimately culminated in the termination of plaintiff's employment on January 11, 2011. Plaintiff then sued defendant for violations of the FMLA.

## II.     The Parties' Arguments

### A.     Defendant's Motion for Protective Order Governing Confidential Documents and Information

Defendant argues that plaintiff's discovery requests will require disclosure of private personnel information of non-parties as well as highly confidential and proprietary information of RSC. Defendant also contends that plaintiff now works for a direct competitor of RSC, BottomLine Equipment, L.L.C. ("BottomLine"). Defendant asserts that plaintiff acknowledged the need to maintain the confidentiality of its proprietary information when she signed an employee confidentiality, non-solicitation and non-compete agreement.

Defendant maintains that its defense against plaintiff's allegations will involve the use of documents, communications, and information pertaining to her performance as an outside sales representative, some of which include confidential information about RSC's business, sales strategies, and customers given the nature of plaintiff's job duties and defendant's expectations of her as an outside sales representative. In addition, this action may involve the use and disclosure of private personnel information pertaining to comparator employees who are not parties to this action.

Defendant notes that it has attempted to stipulate to an agreement with plaintiff but to no avail.

Citing case law, RSC notes that courts have held that an order may require that confidential information not be disclosed to the client by the attorney. Defendant argues that permitting plaintiff to access and review confidential, proprietary and/or trade secret information concerning RSC's business and customers would be tantamount to releasing that information to its competitors. It argues that plaintiff can not be permitted to use this litigation as a vehicle to obtain access to confidential, proprietary and competitive information that she would otherwise have no right to access.

### B.     Plaintiff's Opposition

Plaintiff notes that she does not oppose a protective order in this lawsuit but opposes only a protective order for "attorneys' eyes only." Plaintiff attaches a stipulated protective order that this Court approved in another lawsuit as an example of a protective order to which she would not object.

Plaintiff contends that defendant can not demonstrate good cause for such a restrictive order because it does not even point to the specific requests that may warrant it. Plaintiff notes that she does not believe that BottomLine is a competitor of RSC because the companies do not focus on the same market segments.

Plaintiff argues that a limitation to "attorneys' eyes only" is used only in antitrust, trade mark infringement and similar litigation where there is a real danger of predatory practices should customer lists and similar confidential and proprietary information be disseminated to the opposing party. Plaintiff notes that this is an FMLA lawsuit. Neither she nor her employer, she contends, is a competitor of RSC. She also notes that she had access to the information that she seeks during her

17 years of employment at RSC. She maintains that much of the information that she seeks concerns only herself, although she admits that some information about other employees may be relevant.

Plaintiff argues that her assistance in explaining and analyzing the requested information is critical to counsel's ability to properly represent her because her performance and that of other outside sales representatives bear on the propriety of her discipline and termination by RSC.

**C.     Law and Analysis**

Federal Rule of Civil Procedure 26 states in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). To maintain a protective order, a party must be able to show "for each particular document it seeks to protect . . . that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). However, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus. v. Intern'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

As can be gleaned from the outline of the parties' arguments above, the main dispute here is whether the protective order should contain an "attorneys' eyes only" designation. At the oral hearing, and after the Court asked defendant – in order to meet its burden – what specific documents it was withholding and on what grounds, counsel produced the documents to the Court for *in camera* review. The Court's review of the documents reveals that they consist of (1) an e-mail addressing a client's review of plaintiff's performance; (2) call reports; (3) territory action plans; (4) e-mails

4

addressing TAP reports and the expectations of the performance of outside sales representatives; (5) e-mails addressing pricing; (6) salespersons reviews; (7) terminated outside sales representatives in District 1001; and (8) other various documents that pertain to equipment sales, sales strategies and computer programs.[1]

With regard to the non-party personnel files, the motion is granted.  In *Knoll v. American Telegram & Telephone Co.*, the court outlined the need for a protective order similar to the one that defendant seeks with regard to non-party personnel files:

> Plaintiff's central complaint regarding discovery concerns the availability of the personnel files of several nonparty AT & T employees. Specifically, plaintiff contends that the district court abused its discretion in granting defendants a protective order that limited access to such files to plaintiff's counsel. Such protective orders are commonly granted, however, as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation. *See* 8 Wright & Marcus, § 2041, at 538 ("[A] court may order that confidential information not be disclosed to the client by the attorney."). Courts have also specifically granted such orders to protect nonparties from the harm and embarrassment potentially caused by nonconfidential disclosure of their personnel files. *E.g., Donald v. Rast*, 927 F.2d 379 (8th Cir. 1991) (upholding district court's decision in a § 1983 action to limit the disclosure of police officers' personnel files to plaintiff's attorney in light of the private nature of information contained therein); *Petz v. Ethan Allen, Inc.*, 113 F.R.D. 494, 497 (D. Conn. 1985) (ordering defendants to produce job evaluations of nonparties only "for inspection by plaintiff's counsel in the office of counsel to the defendants"). As defendants noted in their Memorandum in Support of the Motion for Protective Order, personnel files might contain highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history (such as requests for garnishment of wages), and other work-related problems unrelated to plaintiff's claims.
>     It is clear that defendants had a valid interest in the privacy of nonparty personnel files and that it was within the district court's power to grant the challenged protective order. It was thus plaintiff's burden to offer proof that the protective order would substantially harm his ability to collect the evidence necessary for prosecution of his case. 8 Wright & Marcus, § 2043, at 559. ("If . . . confidential information is being sought, the burden is on the party seeking discovery

---

[1] Having reviewed the documents, the Court must question why defendant would want to withhold a few of them for any reason at all.

>to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information.").

176 F.3d 359, 365 (6th Cir. 1999). Here, under the case law, it is clear that defendant is entitled to the protective order that it seeks with regard to non-party personnel files (RSC000160, RSC000162-64). Plaintiff makes no showing that the protective order would substantially harm her ability to collect the evidence necessary for the prosecution of her case. The Court finds these documents self-explanatory. Thus, the "attorneys' eyes only" designation will remain in place for these documents and any subsequently-produced non-party personnel files.

With regard to the rest of the documents,[2] the motion is granted in part. The Court takes judicial notice of the website print-outs of both defendant and BottomLine, introduced at the oral hearing as Exhibit 1 and Exhibit 2, and finds that the description of the nature of each company's business is similar enough to warrant a protective order here. Notwithstanding this ruling, however, the Court finds that plaintiff has demonstrated that the protective order would substantially harm her ability to collect the evidence necessary for the prosecution of her case because plaintiff will need to explain the documents to her counsel to evaluate any potential relevancy to her claims. While defendant disputed the relevancy of the documents to plaintiff's claim under the FMLA at the oral hearing, it was, in fact, defendant who determined that the documents are responsive to plaintiff's discovery requests and failed to withhold them on the ground of irrelevancy in the first instance.

Accordingly, and because the Court may issue a protective order requiring that information "be revealed in a specific way," Fed. R. Civ. P. 26(c)(1)(G), the Court will modify the "attorney's

---

[2] These documents are labeled as RSC000125-128, RSC000131-142, RSC000145-146, RSC000151-152 and RSC000154-155, RSC000285-303, RSC000306-307, RSC000310, RSC000313, RSC000325-333, RSC000336-344 and RSC000357.

eyes only" designation *with regard to these documents only* to allow plaintiff herself to view them but only in the presence of counsel and at counsel's place of business. Plaintiff shall not be allowed to copy the documents nor remove them from the presence of counsel. And, of course, plaintiff shall not be allowed to use any knowledge gleaned from the documents outside of this litigation. Should the Court find any violation of this Order, it will not hesitate to entertain a motion for sanctions.

### IV.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Protective Order Governing Confidential Documents and Information [Doc. #24] is GRANTED IN PART as outlined above. Counsel shall modify the joint stipulated protective order attached to defendant's motion as Exhibit 4 to conform to this Order and file it so that the Court may enter it into the record.

New Orleans, Louisiana, this 9th day of February, 2012.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**