UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY JANE SOULE | CIVIL ACTION |
| VERSUS | NO. 11-2022 |
| RSC EQUIPMENT RENTAL, INC. | SECTION "N" (3) |

## ORDER

Before the Court is the Motion for Clarification of May 2, 2012 Order [Doc. #107]. The motion is opposed. For the following reasons, the Court denies the motion.

**I.     Background**

The complaint alleges as follows. Defendant employed plaintiff as an outside sales representative from January 1, 1996 through January 14, 2011. In October 2009, plaintiff began to commute to Pensacola, Florida on the weekends to care for her sick and infirm mother. Plaintiff's husband cares for her mother during the week. Plaintiff informed her immediate supervisor, Bill Hoffpauir, of the commute and the need to care for her mother.

Plaintiff alleges that once she began the commute, defendant began a campaign of harassment and retaliation against her, including, but not limited to, scheduling meetings when defendant knew plaintiff would not be in town, complaining about her absences, and adding unwarranted pressure on plaintiff about her job performance.

In October 2010, defendant informed plaintiff of her rights under the Family Medical Leave

Act ("FMLA"), 29 U.S.C. § 2615.  Plaintiff completed forms, and defendant ultimately approved her for intermittent leave.  Even after it approved her leave, however, defendant allegedly continued the harassment and retaliation, which ultimately culminated in the termination of plaintiff's employment on January 11, 2011.  Plaintiff then sued defendant for violations of the FMLA.

On May 2, 2012, this Court granted in part plaintiff's motion to compel and ordered, *inter alia*, defendant to respond to plaintiff's Requests for Production Nos. 11, 17, 28, 29, 31, 33 and 34. [Doc. #103].  Defendant now seeks clarification of the order.

## II.     Law and Analysis

Defendant does not dispute the production of personnel documents required by Requests for Production Nos. 28, 29 and 31.  Defendant argues, however, that Requests for Production Nos. 11, 17, 33 and 34 require the production of sales and business documents, not personnel documents, and should thus not have been included with the requests that require the production of the personnel documents.  Defendant asserts that plaintiff can not obtain business data unrelated to the grounds for her discipline.

Plaintiff first contends that defendant does not truly seek clarification of the Court's order but reconsideration of a substantive ruling.  Maintaining that she was long recognized as an excellent salesperson, plaintiff argues that documents relevant to her sales performance and those related to less successful sales personnel are crucial to her lawsuit and relevant to credibility and comparison evidence.

The Court first finds that a motion for clarification is the improper vehicle through which to obtain the relief sought by defendant.  Courts generally recognize a motion as one for clarification when it seeks to rectify only computational or clerical mistakes.  *Aetna Cas. & Sur. Co. v. Dir.,*

*Office of Worker's Comp. Programs*, 97 F.3d 815, 820 (5th Cir. 1996) (finding that motion for clarification addresses clerical or computational oversight).  Because defendant here disputes a substantive provision of the Court's order, its motion is more properly considered a motion for reconsideration.

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).  However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending on when the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075–76 n.14 (5th Cir. 1994) (en banc).  A motion for reconsideration is analyzed under Rule 59(e) if it is served within 28 days of the court's ruling; otherwise, it is analyzed under Rule 60(b) if it is served after that time.  *Id.*  Here, defendant filed its motion nine days after the Court's May 2, 2012 Order, and Rule 59(e) thus applies.

Courts in this district apply Rule 59(e) to motions to reconsider non-dispositive pre-trial rulings.  *See Harveston v. Falcon Workover Co., Inc.*, Civ. A. 96–4172, 1998 WL 166209, (E.D. La. Apr. 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport–McMoran Sulphur, L.L.C. v. Mike Mullen Energy Equip. Res.*, Civ. A. 03–1496, 2004 WL 1488665 (E.D. La. June 30, 2004) (analyzing under Rule 59(e) motion to reconsider court's ruling as to privileged documents).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to re-litigate old matters, raise new arguments, or present

evidence that should have been raised in the earlier motion. *See Karim v. Finch Shipping Co.*, 111 F. Supp. 2d 783, 784 (E.D. La. 2000). A court may entertain a motion for reconsideration if the moving party demonstrates (1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La. May 26, 2000).

Construing defendant's motion as one for reconsideration, it appears that defendant asks the Court to reconsider its earlier order on the ground that it is necessary to correct a manifest error of law or fact, *i.e.*, the Court should not have ordered defendant to respond to Requests for Production Nos. 11, 17, 33 and 34 because they seek business and sales documents and not third-party personnel documents. Having reviewed the requests, the Court finds that no manifest error of law or fact occurred here. While the Court recognizes that compliance with the requests will require the production of business and sales documents, such documents are inexorably intertwined with the production of third-party personnel documents. Plaintiff seeks the documents to determine whether defendant treated allegedly comparator employees similarly or differently than plaintiff. The requests are thus reasonably calculated to lead to the discovery of admissible evidence.

Moreover, the Court finds that the protective order in place in this lawsuit is adequate to protect the documents. There are three levels of confidentiality in the protective order, and, when defendant responds to the requests, it may designate the documents with the appropriate confidential designation. Should plaintiff dispute such designation, plaintiff may file the appropriate motion, should circumstances so warrant.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Clarification of May 2, 2012 Order [Doc. #107] is DENIED.

New Orleans, Louisiana, this 25th day of June, 2012.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**