UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARY JANE SOULE,
                              Plaintiff,                              CIVIL ACTION

VERSUS                                                               No. 11-2022

RSC EQUIPMENT RENTAL, INC.,                              SECTION "E"
                              Defendant

ORDER AND REASONS

Before the Court is plaintiff's appeal of the Magistrate Judge's May 2, 2012 Order granting defendant's Motion for Leave to File Counterclaims.[1] For the reasons stated below, the Magistrate Judge's Order is AFFIRMED.

*Background*

In this suit, plaintiff alleges discrimination and retaliation against her by defendant, her former employer, for the exercise of her rights under the Family Medical Leave Act, in violation of 29 U.S.C. § 2615.  Plaintiff also alleges discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e *et seq.,* the Age Discrimination in Employment Act (ADEA), and the Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:302, *et seq.*  Finally, plaintiff asserts a claim under the Louisiana abuse of rights doctrine.[2]

Plaintiff's complaint was filed on August 16, 2011.[3]  Defendant filed an answer on

---

[1] R. Doc. 112 (Objections to May 2, 2012 Order).

[2] *See* R. Docs. 1, 37, and 48.

[3] R. Doc. 1.

1

October 24, 2011.[4]  Plaintiff filed a first amended complaint on February 1, 2012 and a second amended complaint on February 28, 2012.[5]  On March 7, 2012, defendant filed an answer to plaintiff's first and second amended complaint and counterclaim.[6]  On March 9, 2012, Judge Englehardt entered an order which noted that defendant had not sought necessary leave of court to file counterclaims and ordered the parties to "promptly address that matter by appropriate means."[7]  On April 4, 2012, defendant filed a Motion for Leave to File Counterclaims,[8] which was granted by Magistrate Judge Knowles on May 2, 2012.[9] On May 23, 2012, plaintiff appealed Magistrate Judge Knowles' May 2, 2012 Order allowing defendant's counterclaims.[10]

## Legal Analysis

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2, non-dispositive pretrial matters decided by a magistrate judge may be appealed to the district judge.  The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR 72.2.

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a

---

[4] R. Doc. 13.

[5] R. Docs. 37 and 48.

[6] R. Doc. 51.

[7] R. Doc. 60.

[8] R. Doc. 82.

[9] R. Doc. 103.

[10] R. Doc. 112.

scheduling order's deadline to amend has expired.  *Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348 (5th Cir. 2008).  Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  It requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.,* 315 F.3d 533, 536 (5th Cir. 2003) (internal citations omitted).  Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.,* 315 F.3d at 536).

In this case, defendant was required to satisfy the Rule 16 good cause test because the amendment deadline in the scheduling order passed before the Motion for Leave to File Counterclaims was filed.  *S&W Enters.,* 315 F.3d at 536.  In considering defendant's Motion for Leave to File Counterclaims, Magistrate Judge Knowles applied the good cause test and held that defendant had satisfied the test.[11]  First, with respect to defendant's explanation for the failure to timely move for leave to amend, Magistrate Judge Knowles found:

> Until plaintiff produced her initial disclosures and other documents to defendant in late January, after the deadline to amend, defendant had no hard evidence that plaintiff had actually misappropriated confidential documents.  That defendant may have *believed* that plaintiff had misappropriated confidential documents, as plaintiff argues, does not contradict the fact that defendant had no hard evidence of such misappropriation until after plaintiff produced the documents to defendant.  Indeed, the e-mail from

---

[11] R. Doc. 103 at p. 4.

3

> counsel for plaintiff to counsel for defendant supports such a finding.  Counsel for plaintiff represented to defendant that plaintiff had produced all documents to them, and they did not believe such documents were confidential.   Counsel for defendant are entitled to rely upon the representations of counsel for plaintiff.

Second, Magistrate Judge Knowles found that "the counterclaims are important because their presence will resolve all disputes between the parties in one judicial proceeding."

Third, Magistrate Judge Knowles found:

> plaintiff can not demonstrate prejudice because discovery is open until September 2012, and trial is not until November 2012. Indeed, plaintiff filed her second amended complaint on February 28, 2012, well after the deadline to amend.

The fourth factor (the availability of a continuance to cure any prejudice) was not relevant in light of Magistrate Judge Knowles' finding that plaintiff could not demonstrate prejudice.

After reviewing the applicable law, Magistrate Judge Knowles' May 2, 2012 Order, and the parties' briefs, the Court finds that Magistrate Judge Knowles' Order granting defendant's Motion for Leave to File Counterclaims was not clearly erroneous or contrary to law.  Accordingly,

**IT IS ORDERED** that plaintiff's Objections to May 2, 2012 Order be and hereby are **DENIED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Knowles' May 2, 2012 Order granting defendant's Motion for Leave to File Counterclaims is **AFFIRMED**.

New Orleans, Louisiana, this  3rd  day of July, 2012.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

4