UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY JANE SOULE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2022** |
| **RSC EQUIPMENT RENTAL, INC.** | **SECTION "E" (3)** |

**ORDER**

On July 12, 2012, the Motion for Sanctions and Attorney's Fees for Failure to Comply with Discovery Requests Propounded on December 16, 2011 and with Order Compelling Responses to Discovery, and for Spoliation of Evidence [Doc. #129], the Motion to Compel More Complete Answers to Plaintiff's Second Interrogatories Propounded on March 16, 2012 and for Sanctions (SEALED) [Doc. #146], the Motion for Protective Order [Doc. #151], the Motion for Protective Order Re: 30(b)(6) Notice [Doc. #152], the Motion to Compel [Doc. #153], and the Motion to Compel Production of Computers and Electronic Storage Devices [Doc. #160] came on for oral hearing before the undersigned.  Present were Michael Allweiss, Marynell Piglia and Tyler Douglas on behalf of plaintiff and Dominic Gianna and Kirstin Story on behalf of defendant.  After the oral hearing, the Court took the motions under advisement.  Having reviewed the motions, the oppositions, the case law and the parties' oral arguments, the Court rules as follows.

**I.      Background**

The complaint alleges as follows. Defendant RSC Rental Equipment, Inc. ("defendant") employed plaintiff as an outside sales representative from January 1, 1996 through January 14, 2011. In October 2009, plaintiff began to commute to Pensacola, Florida on the weekends to care for her sick and infirm mother. Plaintiff's husband cares for her mother during the week. Plaintiff informed her immediate supervisor, Bill Hoffpauir, of the commute and the need to care for her mother.

Plaintiff alleges that once she began the commute, defendant began a campaign of harassment and retaliation against her, including, but not limited to, scheduling meetings when defendant knew plaintiff would not be in town, complaining about her absences, and adding unwarranted pressure on plaintiff about her job performance.

In October 2010, defendant informed plaintiff of her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. Plaintiff completed forms, and defendant ultimately approved her for intermittent leave. Even after it approved her leave, however, defendant allegedly continued the harassment and retaliation, which ultimately culminated in the termination of her employment on January 11, 2011. Plaintiff then sued defendant for, *inter alia*, violations of the FMLA.

On May 2, 2012, the Court granted leave to defendant to file counterclaims against plaintiff for an alleged breach of an Employee Confidentiality, Nonsolicitation and Noncompetition Agreement, an alleged violation of the Louisiana Trade Secrets Act and Unfair Trade Practices Act, and alleged conversion of defendant's confidential proprietary information. On July 3, 2012, the District Court upheld the Court's order granting defendant's motion for leave to file its counterclaims.

## II. The Motions, Case Law and Analysis

### A. Plaintiff's Motion for Sanctions and Attorney's Fees for Failure to Comply with Discovery Requests Propounded December 16, 2011 and with Order Compelling Responses to Discovery, and for Spoliation of Evidence

Plaintiff objects to defendant's responses and supplemental responses to two of her discovery requests, both of which seek communications between defendant and any person, which communications commented on plaintiff's performance. While defendant initially objected, it supplemented its responses by pointing to Bates-stamped documents.

Plaintiff contends that even after it terminated her, defendant promoted itself by using her likeness and by communicating her sales ability and skill on its website. In an earlier round of production of documents, defendant produced two pictures of plaintiff, stating that it had removed them from its website. Plaintiff contends that the statement is false because defendant used the image on its website until at least April 12, 2012. Plaintiff contends that defendant should have produced the website pages with its first response. Plaintiff even contends that defendant should have notified her when it deleted the post from its website in a supplemental response.

Plaintiff notes that the Court denied an earlier motion to compel as moot because defendant had represented to the Court that it had produced all responsive documents. Plaintiff thus contends that defendant lied to the Court.

Plaintiff also argues that defendant has attempted to spoliate evidence. Before the discovery conference with the Court, defendant produced approximately 2500 documents to plaintiff. The website pages were not included. Plaintiff thus maintains that defendant destroyed them.

Plaintiff asks the Court to sanction defendant, to award her attorneys' fees and costs for having had to move to compel complete responses to Request Nos. 12 and 13, and sanction

defendant for spoliating evidence.

Defendant notes that the website pages attached to plaintiff's motion are from the employee-recruiting page of its website. Thus, defendant argues, it never used her likeness to attract potential customers. Neither did it comment on her ability and skill; the only endorsement on the web page is an endorsement by plaintiff of defendant as an employer. Defendant argues that the website pages are irrelevant to plaintiff's discovery requests. Defendant also notes that simply because web pages are no longer on a site does not mean that the website's host has destroyed them. Indeed, defendant contends, plaintiff has not even propounded requests to recover the pages.

Defendant notes that with regard to Request No. 12, it seeks communications to any other person, customer or potential customer. Defendant argues that its website is not a communication. With regard to Request No. 13, defendant notes that it seeks internal marketing information sent to any customer or potential customer. Defendant contends that such a request does not implicate its recruiting website.

Defendant notes that it corresponded with plaintiff and asked her to advise it if she believed its discovery responses were deficient. Plaintiff failed to do so. In correspondence with regard to Request No. 13, plaintiff clarified that she sought promotional literature or materials sent to customers or potential customers. She never advised defendant that she thought the request was deficient or that it implicated defendant's website. When it produced the two pictures of plaintiff, defendant noted that they were circulated to employees and not customers.

With regard to the earlier motion to compel, defendant notes that plaintiff failed to challenge its response to Request No. 13, and, with regard to Request No. 12, never stated that it implicated defendant's website recruiting page. Defendant also notes that the Court denied plaintiff's motion

as to Request No. 12.

Defendant asks the Court to deny plaintiff's request for sanctions and attorneys' fees. Defendant further asks the Court – in compliance with its earlier order that "[w]aste of the resources of this Court and/or the parties shall not be tolerated" – to award it attorneys' fees for having had to oppose the motion.

In her reply, plaintiff contends that the website is a communication that concerns, refers to and relates to her. Plaintiff argues that defendant has propounded discovery in which it defines "communications" to include "website pages." Plaintiff contends that defendant communicates about her ability, performance and skill when, under her picture, it invites web users to meet the people who "make it happen."

Plaintiff argues that it is untenable that defendant's only response is to blame her for not having asked for the website as responsive documentation. Plaintiff maintains that defendant blatantly lied when it affirmed that the pictures were no longer in use and that they were used for an inaccurately limited purpose.

Plaintiff argues that the website pages on which her picture figured is not limited to recruiting. Anyone can access it. Plaintiff argues that defendant can not suggest that the website page does not consist of a communication to a third person. Plaintiff notes that one of her photographs appears next to a statement that "today's customer still wants a firm handshake and confident look in the eye" and "WE CAN DO THAT." Plaintiff cites several other instances in which one of her photographs appears next to language that references and is geared toward potential customers.

**IT IS ORDERED** that the Motion for Sanctions and Attorney's Fees for Failure to Comply

with Discovery Requests Propounded on December 16, 2011 and with Order Compelling Responses to Discovery, and for Spoliation of Evidence [Doc. #129] is DENIED. Comparing plaintiff's discovery requests to the website page, the Court finds that the page is simply unresponsive to plaintiff's request. No matter plaintiff's overbroad interpretation of the language on the page, defendant does not comment on plaintiff's ability or skill. In addition, simply because the website page no longer exists on the website itself does not mean that defendant destroyed the page. It merely means the defendant has removed it. This is not a sanctionable action, and no attorneys' fees are warranted here.

> **B.    Motion to Compel More Complete Answers to Plaintiff's Second Interrogatories Propounded on March 16, 2012, and for Sanctions #146 (SEALED)**

Plaintiff notes that defendant agrees that ages are relevant but birth dates are not and refuses to produce the birth dates of several individuals. Plaintiff argues that she is entitled to the birth dates. Plaintiff contends that the birth dates will allow her to determine which outside sales representatives ("OSRs") came and went during the period surrounding her termination and which OSRs were terminated or quit after her termination. Plaintiff seeks her fees for having had to file the motion.

Defendant first argues that birth dates are personal identifying information ("PII") that it will not disclose such dates with regard to persons not involved in the lawsuit. Defendant notes that it has produced age-related information to plaintiff, specifically the ages of the OSRs.

Defendant next maintains that district-wide demographic census data for dates more than a year before plaintiff's termination and six months to a year after her termination are overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant notes that it has provided information to plaintiff about employees hired and terminated

within a relevant time period but has objected to providing wholesale demographic data for irrelevant time periods.

Defendant contends that plaintiff does not need the birth dates of third parties to understand the pattern of hires and termination around the time of her termination because she has propounded separate requests directly calculated to understand any such pattern. Defendant also contends that the dates for which she seeks to compel information are well before and well after her termination.

Lastly, defendant seeks the fees and costs incurred in connection with its opposition.

Plaintiff maintains that birth dates are not secrets or highly personal information. Plaintiff argues that birth dates are important to reveal a person's age on a particular date, not a date chosen by one of the parties to the litigation. For example, plaintiff notes that Brad Laws, one of the decisionmakers to terminate plaintiff, was 40 during a particular point in time. Plaintiff thus maintains that his birth date is important because the ADEA establishes 40 years of age as the start of the protected class. Knowing whether Laws was 39 or 40 when he made the decision to terminate her, plaintiff argues, is thus crucial. Plaintiff reiterates that birth dates will allow her to perform a more comprehensive analysis of age-related issues.

**IT IS ORDERED** that the Motion to Compel More Complete Answers to Plaintiff's Second Interrogatories Propounded on March 16, 2012 and for Sanctions (SEALED) [Doc. #146] is GRANTED. The Court finds that the discovery sought by plaintiff is reasonably calculated to lead to the discovery of admissible evidence. Any discovery produced to plaintiff by defendant under this Order, however, shall be produced pursuant to the protective order in this lawsuit and shall remain under seal and used only for purposes of this lawsuit.

    **C.**     **Defendant's Motion for Protective Order**

After reviewing 88,000 e-mails, defendant inadvertently produced unredacted copies of 73 pages of documents that it should have redacted to protect its confidential and proprietary information. Defendant now seeks the return of the 73 pages because plaintiff has refused to return them. The documents reflect weekly call reports, a used equipment sales report, customer lead reports, a red light review report, proposed and executed contracts and e-mails that contain sensitive data. When it realized its error, defendant produced to plaintiff a redacted set of documents. Plaintiff refused to return or destroy the original documents. Plaintiff also objected to an Attorneys' Eyes Only designation.

Defendant contends that the documents contain trade secrets. Because plaintiff is a competitor of defendant, it argues, her continued possession of the documents poses a significant risk of harm to it. Defendant asserts that the Louisiana Trade Secrets Act directs courts to preserve the secrecy of "alleged" trade secrets, and this includes customer lists and special pricing lists, internally-developed marketing plans and strategies, and business plans. Defendant maintains that plaintiff has already acknowledged and agreed that the documents are confidential and proprietary and are not known to or readily ascertainable through legitimate means by the public or defendant's competitors.

Defendant argues that plaintiff will suffer no harm from a protective order. The data is not relevant to her claims. Defendant contends that it did not voluntarily disclose the documents, and the protective order provides that no party shall waive a right through inadvertent production. Citing case law, defendant argues that (1) it made reasonable efforts to protect the documents through multiple levels of review; (2) it took immediate steps to address the inadvertent disclosure; (3) the production was inadvertent; and (4) overriding issues of fairness supports an order that the

documents be returned.

Defendant also argues that counsel for plaintiff has failed to comply with Louisiana Ethical Rule 4.4 by returning the documents.

In the alternative, defendant asks the Court to issue an order that prohibits plaintiff's counsel from using or disclosing the documents by designating them as "Attorney's Eyes Only" documents.

Plaintiff contends that defendant waited over three weeks before informing her that it had disclosed confidential information. During that time, plaintiff argues, defendant repeatedly informed her that it had produced relevant and responsive documents. Plaintiff thus contends that the documents are relevant. For example, because defendant alleges that it terminated plaintiff for failing to effectively plan her daily activities, plaintiff argues that the call reports are relevant to its contention that she failed to do so and are thus discoverable. Pointing to one e-mail, plaintiff contends that the redacted version appears to be in defendant's favor, while the unredacted version reveals that the client was upset with her termination.[1]

Plaintiff also contends that defendant waived the privilege. Plaintiff alleges that defendant failed to take reasonable precautions to prevent involuntary disclosure. Noting that defendant withheld documents to label "Attorneys' Eyes Only," plaintiff argues that defendant would have done so with the unredacted documents. Plaintiff also reiterates that defendant waited over three weeks to rectify the problem.

Citing case law, plaintiff also notes that defendant's inadvertent production was negligent at best, and courts have required parties to suffer waiver due to negligence. Plaintiff lastly contends

---

[1] This is the redacted and unredacted e-mail produced to the Court earlier at an earlier discovery status conference. At that conference, the Court noted that defendant redacted too much from the e-mail.

that overriding issues of fairness require the disclosure of the documents given that counsel knows the contents of the documents and spent hours reviewing them during the three-week period that defendant failed to seek their return.

Defendant notes that plaintiff fails to establish that the documents contain trade secrets. Pointing to the e-mail attached to plaintiff's opposition, defendant notes that the e-mail is not the subject of the motion for a protective order.

Refuting the case law on which plaintiff relies with regard to waiver, defendant notes that a Massachusetts District Court applied a test for waiver not followed in this circuit. Defendant maintains that the Fifth Circuit has refused to apply a per se test for waiver. Citing case law, defendant contends that courts have refused to find waiver in similar circumstances, when thousands of documents have been reviewed and only a few inadvertently produced.

With regard to the three weeks that counsel for plaintiff had to review the documents, defendant contends that the length of time is measured from the time the producing party learns of the disclosure, not from the time of the disclosure itself.

**IT IS ORDERED** that the Motion for Protective Order [Doc. #151] is GRANTED IN PART as outlined below. First, the Court finds no waiver here. As defendant correctly notes, the Fifth circuit has declined to adopt a *per se* waiver rule, and the Court finds the disclosure here inadvertent. *See Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) (holding that inadvertent disclosure of confidential material did not result in waiver of confidential status). In addition, the protective order expressly prevents waiver by inadvertent disclosure, providing that "no party shall be held to have waived any rights by reason of . . . inadvertent production." [Doc. #110 at p. 10]. Courts have found protective orders with similar language "strongly negate" a finding of waiver by

inadvertent production. *See, e.g., Hydraflow, Inc. v. Enidine Inc.*, 145 F.R.D. 626, 638 (W.D. N.Y. 1993) (finding no waiver).

In addition, having reviewed the documents *in camera*, the Court finds that a "Confidential" designation is appropriate for the documents. While the Court recognizes that the documents reflect confidential and proprietary information, counsel for plaintiff has already reviewed the documents and is aware of the information in them, effectively rendering defendant's motion moot. The Court reminds counsel, however, that any use of the documents – or the information in them – outside this litigation will warrant sanctions, and the Court will not hesitate to impose them.

**D.     Defendant's Motion for Protective Order Re: 30(b)(6) Notice**

Defendant seeks a protective order to prevent the deposition of its corporate representative on numerous topics on the ground that the topics are cumulative and duplicative of topics on which plaintiff has already sought discovery by written requests.

Topics 1-4 of the deposition notice asks defendant to designate a corporate representative to testify concerning post-incident legal investigation and analysis of plaintiff's termination. Defendant first argues that the topics seek information protected by the attorney-client and/or work-product privileges. Defendant argues that the issue here is whether plaintiff's termination was discriminatory or retaliatory so any events occurring after her termination are irrelevant to the motives for the termination.

Topics 6-8 seek testimony concerning confidential internal data that are allegedly irrelevant to the claims here. Defendant contends that the number of sales calls, the geography of sales territories and the number of new accounts opened by OSRs are irrelevant to plaintiff's claims. Defendant argues that none of these was the basis for plaintiff's termination.

11

Topics 9-11 seek testimony concerning personnel documents. Defendant contends that the majority of the documents have been produced and the remainder could be produced pursuant to a written discovery request. Preparing a representative to testify as to such documents is, defendant argues, unduly burdensome. Defendant asserts that it is inappropriate for plaintiff to use the most burdensome and expensive method of discovery to obtain the documents.

Plaintiff argues that imagined and unspecified expense does not equate with undue burden. Plaintiff contends that she is entitled to test the accuracy of the information produced through written discovery through sworn testimony.

With regard to Topics 1-4, plaintiff contends that they are not affirmatively directed to investigation by or involving an attorney. For example, plaintiff notes that defendant's responses have referenced a Justin Williams in the Human Resources Department who investigated plaintiff before her termination.

Citing case law, plaintiff argues that defendant has failed to meet its burden to prove that the topics are protected under the attorney-client privilege because defendant has not demonstrated that the communications were for the primary purpose of obtaining legal advice. Plaintiff notes that should a question invade the province of privilege, the parties may stop the deposition and contact the Court. Plaintiff also maintains that the work-product privilege is inapplicable here because an investigation into an employee's termination is part of defendant's ordinary course of business. Plaintiff further argues that any underlying relevant facts remain subject to disclosure.

With regard to Topics 6-8, plaintiff notes that defendant advances four reasons for which it terminated her. To rebut defendant's proffered non-discriminatory reasons for the adverse employment decision, plaintiff contends that she is entitled to discover information concerning her

overall job performance and the job performance of similarly-situated employees. Citing documents produced by defendant, plaintiff contends that the number of sales calls, sales-related activities and plaintiff's call activity are germane to her claims.

With regard to Topics 9-11, plaintiff argues that she is entitled to obtain sworn testimony to test the veracity and integrity of the documents produced during discovery. Plaintiff maintains that defendant can not merely argue that another method of discovery would be cheaper.

With regard to Topics 1-4, defendant notes that they seek information from internal personnel investigations under a series of specified laws and refer to investigation and review of plaintiff's termination for legality. Defendant notes that it has agreed to produce Williams with respect to a Rule 30(b)(1) deposition. Defendant also maintains that the topics are irrelevant and unduly burdensome because they address post-termination events, and the relevant inquiry here is the reason for which she was terminated. Defendant argues that the topics are thus not reasonably calculated to lead to the discovery of admissible evidence.

With regard to Topics 6-8, defendant contends that they are not based on defendant's legitimate, non-discriminatory reasons for plaintiff's termination but on her own wistful reasons. Citing case law, defendant maintains that plaintiff is not entitled to recast an employer's articulated reasons and then use that as a basis to obtain discovery. Defendant maintains that it has the right to articulate any non-discriminatory reason, not plaintiff.

With regard to Topics 9-11, defendant notes that plaintiff does not contend that they are not cumulative or duplicative. Defendant also argues that there is no additional information that a corporate deponent can provide as to the veracity and completeness of the documents.

**IT IS ORDERED** that the Motion for Protective Order Re: 30(b)(6) Notice [Doc. #152] is

DENIED. Having reviewed the deposition topics, the Court finds that they are reasonably calculated to lead to the discovery of admissible evidence. This Court is aware of no law to support the argument that simply stating that because a plaintiff has sought discovery through written requests, she is precluded from also seeking similar discovery through deposition testimony.

The Court also finds that defendant has failed to demonstrate that the attorney-client and/or work-product privileges preclude testimony on any of the topics. The burden of demonstrating the applicability of the privilege rests on the party who invokes it. *Hodges, Grant & Kaufmann v. United States Gov't*, 768 F.2d 719, 720 (5th Cir. 1985). In addition, "[t]he privilege must be specifically asserted with respect to particular documents." *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982). Defendant has made no showing that the privileges apply to any specific testimony and/or documents. The Court recognizes, however, that plaintiff is correct that should she tread on the province of the privileges, the parties may create their record and brief individual questions to the Court, should circumstances so warrant.

### E. Defendant's Motion to Compel

With regard to Interrogatory No. 2, defendant contends that because plaintiff alleges that she was entitled to leave under the FMLA between August 16, 2009 and October 6, 2010, she must provide the factual basis for that entitlement. Plaintiff provided only vague references to information pertaining to leave after October 6, 2010.

Request for Production No. 10 seeks any communications that plaintiff has had with current or former employees before, during or after her employment with defendant and any documents related thereto. Plaintiff objected on the ground that the request is overbroad. In response to another interrogatory, however, plaintiff mentioned that she had spoken with a managerial employee of

defendant after her termination but has never supplemented the response to this request for production.

Plaintiff notes that she is not an expert under the FMLA and has never decided whether defendant would grant her FMLA leave or not. She notes that this is not a claim for a failure to grant her FMLA leave. Plaintiff contends that the interrogatory is irrelevant as her specific entitlement to FMLA leave during that time frame is not before the Court. Plaintiff explains that her mother's condition was sufficiently similar to that for which FMLA leave was ultimately granted such that, had she applied for leave, she believes she would have been entitled to it.

With regard to the request for production, plaintiff contends that it is overbroad, and defendant failed to identify the documents with particularity.

**IT IS ORDERED** that the Motion to Compel [Doc. #153] is GRANTED. Having reviewed the two discovery requests, the Court finds that they are reasonably calculated to lead to the discovery of admissible evidence relative to plaintiff's claims and/or defendant's affirmative defenses and/or counterclaims.

### F. Defendant's Motion to Compel Production of Computers and Electronic Storage Devices

Defendant seeks plaintiff's personal computers and electronic storage devices. Defendant contends that the items are relevant to its counterclaims, which assert that plaintiff has used and disclosed its confidential and proprietary information. Plaintiff argues that the discovery is premature before the Court rules on defendant's first motion to compel. Defendant contends that that is no basis to withhold the items.

Plaintiff maintains that defendant should have had some actual facts before it filed its counterclaims. Plaintiff also notes that defendant has had in its possession plaintiff's work computer

since January 2011, which it has searched and which provided no support for its counterclaims or it would have so stated in the claims. Plaintiff maintains that unless and until defendant establishes a factual foundation on which to make such an invasive request, there is no basis for her to turn over the items. Plaintiff also notes that a computer and a cell phone belong to her current employer, who defendant alleges is a competitor.

Defendant argues that plaintiff's beliefs that its counterclaims lack merit are no reason to withhold discovery. Defendant notes that after it terminated plaintiff, she represented that she had no confidential or proprietary information in her possession. Then, one year later, in response to a discovery request, she produced marketing and sales objectives and strategies, customer lists, information concerning the needs and preferences of current and prospective customers, price lists, and strategies, information which she had previously agreed were the confidential and proprietary information of defendant. It was on this basis that defendant filed its counterclaim.

Defendant notes that both this Court and the District Court have rejected plaintiff's claims that discovery on the counterclaims is unwarranted because she believes they lack merit. Defendant maintains that plaintiff wholly fails to cite any legal support for her arguments. Defendant argues that it need not attempt to obtain the information from third parties because analysis of her computer is the most effective way to determine whether she has used or disclosed its confidential or proprietary information.

On August 22, 2012, this Court dismissed this motion as moot. [Doc. #256]. Defendant has filed an Ex Parte Motion for Expedited Hearing on Mootness of Motion to Compel. [Doc. #259]. In that motion, defendant argues that the earlier motion is not moot because production of the plaintiff's computers and electronic storage devices will allow it to analyze the devices to determine

any potential burning, downloading and uploading of defendant's property and the dates and nature of any such activity.

**IT IS ORDERED** that the Ex Parte Motion for Expedited Hearing on Mootness of Motion to Compel [Doc. #259] is GRANTED.

**IT IS FURTHER ORDERED** that the Court's earlier Order dated August 22, 2012 [Doc. #256] is VACATED to the extent that it dismissed the Motion to Compel Production of Computers and Electronic Storage Devices [Doc. #160] as moot.

**IT IS FURTHER ORDERED** that the Motion to Compel Production of Computers and Electronic Storage Devices [Doc. #160] is GRANTED. Despite plaintiff's protestations to the contrary, defendant is entitled to discovery to determine whether any information from her computers and electronic storage devices contain information that supports its counterclaims. This is not different than asking a corporate defendant, for example, for e-discovery from its computers and hard drives. The Court has reviewed the third-party technique that defendant has proposed to search the computers and electronic storage devices and finds that the technique will sufficiently protect any irrelevant and/or trade-secret information of plaintiff's employer. The Court further finds that the protective order in this lawsuit will also protect the release of any such information.

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Sanctions and Attorney's Fees for Failure to Comply with Discovery Requests Propounded on December 16, 2011 and with Order Compelling Responses to Discovery, and for Spoliation of Evidence [Doc. #129] is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Compel More Complete Answers to

Plaintiff's Second Interrogatories Propounded on March 16, 2012 and for Sanctions (SEALED) [Doc. #146] is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Protective Order [Doc. #151] is GRANTED IN PART as outlined above.

**IT IS FURTHER ORDERED** that the Motion for Protective Order Re: 30(b)(6) Notice [Doc. #152] is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Compel [Doc. #153] is GRANTED.

**IT IS FURTHER ORDERED** that the Ex Parte Motion for Expedited Hearing on Mootness of Motion to Compel [Doc. #259] is GRANTED.

**IT IS FURTHER ORDERED** that the Court's earlier Order dated August 22, 2012 [Doc. #256] is VACATED to the extent that it dismissed the Motion to Compel Production of Computers and Electronic Storage Devices [Doc. #160] as moot.

**IT IS FURTHER ORDERED** that the Motion to Compel Production of Computers and Electronic Storage Devices [Doc. #160] is GRANTED.

All requests for attorneys' fees and costs are DENIED.

New Orleans, Louisiana, this 6th day of September, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**