# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARY JANE SOULE | CIVIL ACTION |
| VERSUS | NO. 11-2022 |
| RSC EQUIPMENT RENTAL, INC. | SECTION "E" (3) |

## ORDER

On September 12, 2012, the Motion to Terminate Deposition and for Protective Order [Doc. #248] came on for oral hearing before the undersigned. Present were Michael Allweiss and Marynell Piglia on behalf of plaintiff and Dominic Gianna, Kirstin Story and Mary Ellen Simonson on behalf of defendant. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' arguments, the Court rules as follows.

**I.     Background**

The complaint alleges as follows. Defendant employed plaintiff as an outside sales representative from January 1, 1996 through January 14, 2011. In October 2009, plaintiff began to commute to Pensacola, Florida on the weekends to care for her sick and infirm mother. Plaintiff's husband cares for her mother during the week. Plaintiff informed her immediate supervisor, Bill Hoffpauir, of the commute and the need to care for her mother.

Plaintiff alleges that once she began the commute, defendant began a campaign of

harassment and retaliation against her, including, but not limited to, scheduling meetings when defendant knew plaintiff would not be in town, complaining about her absences, and adding unwarranted pressure on plaintiff about her job performance.

In October 2010, defendant informed plaintiff of her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. Plaintiff completed forms, and defendant ultimately approved her for intermittent leave. Even after it approved her leave, however, defendant allegedly continued the harassment and retaliation, which ultimately culminated in the termination of her employment on January 11, 2011. Plaintiff then sued defendant for violations of the FMLA.

## II. The Parties' Contentions

### A. Defendant's Motion

Defendant asks the Court to terminate the deposition of Justin Williams, to order that future depositions be conducted in a professional manner, and to enjoin the following conduct: (1) yelling or raising voices; (2) pounding on the table; (3) using a confrontational or argumentative tone or language; (4) accusing witnesses of lying, providing false testimony, or providing testimony that is not true; and (5) disrupting or cutting off witness responses. Defendant also asks that all further depositions be video-recorded at the expense of plaintiff or at the joint expense of the parties.

Citing the transcript of the deposition of Williams, defendant argues that counsel for plaintiff conducted the deposition to annoy, oppress and harass Williams. Defendant argues that under Federal Rule of Civil Procedure 30(d)(3), the Court may terminate the deposition of Williams if "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent."

### B. Plaintiff's Opposition

Plaintiff contends that defendant has already videotaped the depositions of several witnesses and now seeks to shift the costs to plaintiff. At the deposition of one Owen William Hoffpauir, plaintiff also notes that defendant shifted the video camera to record her counsel. Counsel objected, arguing that the videographer tape only the witness.

Citing the transcript of the Williams deposition, plaintiff contends that it became clear from the outset that Williams did not know the topics as to which he was designated as a corporate representative to testify. Citing case law, plaintiff argues that defendant had a duty to exert a good faith effort to designate a knowledgeable corporate representative but failed to do so here. Plaintiff asserts that counsel for defendant instructed Williams not to reveal facts related to him by counsel as such facts are privileged. Plaintiff thus contends that defendant created a Catch-22 because Williams could reveal no facts relayed to him by counsel but had done no independent investigation of the topics to learn the facts himself.

Plaintiff maintains that Williams lectured him numerous times as to his conduct with no control by counsel for defendant. Plaintiff contends that counsel for defendant made no effort to restrain Williams when he interjected himself into conversations between counsel. Counsel for plaintiff maintains that he threw no documents at Williams, and, had he done so, counsel for defendant certainly would have interjected.

Plaintiff asks the Court to order the continuation of Williams' deposition (two hours left) and that it occur in New Orleans so plaintiff will not incur the expense of returning to Mobile, Alabama to continue a deposition that should not have been terminated in the first instance. Plaintiff asks the Court to order that all videotaping be at the expense of the party who requests it and that the

videotaping be of the witness alone, and not counsel.

## C. Defendant's Reply

Because the transcript of Williams' deposition was not final when it filed its motion, defendant attaches and cites to further instances of unprofessional conduct of plaintiff's counsel from the complete transcript. Defendant maintains that it does not seek to obstruct discovery, only to protect its witnesses from abuse at the hands of plaintiff's counsel. Defendant argues that it should not bear the costs of videotaping the depositions when it did so only to protect its witnesses and to document the conduct of plaintiff's counsel.

## III. Law and Analysis

Pursuant to Federal Rule of Civil Procedure 30(c)(1), "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence. . . . " Fed. R. Civ. P. 30(c)(1). "During the taking of a deposition the witness has, in general, the same rights and privileges as would a witness testifying in court at a trial." 8A Wright, Miller and Marcus, Federal Practice and Procedure § 2113 (2d ed. 1994).

> As officers of the court, counsel are expected to conduct themselves in a professional manner during a deposition. A deposition is intended to permit discovery of information in the possession of the deponent or perpetuate the testimony of the deponent. In either case, it is to be conducted in a manner that simulates the dignified and serious atmosphere of the courtroom. Thus, the witness is placed under oath and a court reporter is present. Conduct that is not permissible in the courtroom during the questioning of a witness is ordinarily not permissible at a deposition ... A deposition is not to be used as a device to intimidate a witness or opposing counsel so as to make that person fear the trial as an experience that will be equally unpleasant, thereby motivating him to either dismiss or settle the complaint.

*Ethicon Endo–Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995). Under Rule 30(d)(2),

[t]he court may impose an appropriate sanction—including the reasonable expenses

>and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. P. 30(d)(2).

Further, Federal Rule of Civil Procedure 26(c) establishes the standard for evaluating a request for a protective order. Under Rule 26(c), a court, "upon good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." See Fed. R. Civ. P. 26(c). The good cause requirement of Rule 26(c) places the burden on the movant to show the necessity for the issuance of a protective order. The Rule "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Fed. R. Civ. P. 26(c)(5); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

Here, defendant seeks no sanctions but a protective order. The testimony to which defendant cites from the Williams deposition demonstrates to the Court that counsel for plaintiff did not treat Williams as he would have treated him in a courtroom at trial. And the Court is confident that no judge would allow counsel for plaintiff to examine Williams at trial as he did at the deposition. Accordingly, the Court grants the motion in part.

The Court hereby terminates the deposition of Justin Williams, orders that future depositions be conducted in a professional manner, and enjoins the following conduct: (1) yelling or raising voices; (2) pounding on the table; (3) using a confrontational or argumentative tone or language; (4) accusing witnesses of lying, providing false testimony, or providing testimony that is not true; and (5) disrupting or cutting off witness responses.

At this time, the Court finds that ordering the shared costs of a videotaped deposition or that plaintiff alone pay the costs is unwarranted. If a party seeks to videotape a deposition, that party

and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. P. 30(d)(2).

Further, Federal Rule of Civil Procedure 26(c) establishes the standard for evaluating a request for a protective order. Under Rule 26(c), a court, "upon good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." See Fed. R. Civ. P. 26(c). The good cause requirement of Rule 26(c) places the burden on the movant to show the necessity for the issuance of a protective order. The Rule "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Fed. R. Civ. P. 26(c)(5); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

Here, defendant seeks no sanctions but a protective order. The testimony to which defendant cites from the Williams deposition demonstrates to the Court that counsel for plaintiff did not treat Williams as he would have treated him in a courtroom at trial. And the Court is confident that no judge would allow counsel for plaintiff to examine Williams at trial as he did at the deposition. Accordingly, the Court grants the motion in part.

The Court hereby terminates the deposition of Justin Williams, orders that future depositions be conducted in a professional manner, and enjoins the following conduct: (1) yelling or raising voices; (2) pounding on the table; (3) using a confrontational or argumentative tone or language; (4) accusing witnesses of lying, providing false testimony, or providing testimony that is not true; and (5) disrupting or cutting off witness responses.

At this time, the Court finds that ordering the shared costs of a videotaped deposition or that plaintiff alone pay the costs is unwarranted. If a party seeks to videotape a deposition, that party

shall pay the costs. In addition, that party – who seeks the videotaping of a deposition – may videotape anyone present at the deposition.

**IV.     Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Terminate Deposition and for Protective Order [Doc. #248] is GRANTED IN PART as outlined above.

New Orleans, Louisiana, this 18th day of October, 2012.

**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**