UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY JANE SOULE,** <br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-2022** |
| **RSC EQUIPMENT RENTAL, INC.,** <br>     **Defendant** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is the appeal of the U.S. Magistrate Judge Knowles' Orders of May 2, 2012, and June 25, 2012, filed by Defendant, RSC Equipment Rental, Inc. ("RSC").[1] Plaintiff, Mary Jane Soule ("Plaintiff"), opposes RSC's appeal.[2] For the following reasons, RSC's objections are **GRANTED IN PART** and **DENIED IN PART** and Judge Knowles' Orders are **AFFIRMED IN PART** and **AMENDED IN PART**.

### *Background and Procedural History*

The factual background of this case is fully set forth in this Court's October 23, 2012 Order granting in part and denying in part RSC's motion to dismiss Plaintiff's supplemental and amended complaints.[3]

With respect to the procedural history of the matters at issue in RSC's instant appeal, the relevant facts are as follows. Discovery has been a less-than-harmonious process. Plaintiff propounded interrogatories and requests for production on RSC on December 16,

---

[1] R. Doc. 162 (Objections to Orders of May 2, 2012, and June 25, 2012). RSC filed a reply memorandum. *See* R. Doc. 241.

[2] R. Doc. 204. Plaintiff filed a sur-reply memorandum. *See* R. Doc. 240.

[3] *See* R. Doc. 304 at pp. 1-3.

1

2011.[4] RSC served its responses thereto on January 18, 2012.[5] Plaintiff considered RSC's responses deficient and filed a motion to compel on March 20, 2012.[6] Judge Knowles heard oral argument on the motion, as well as other related matters, on April 18, 2012, and took the motion under advisement.[7] On May 2, 2012, he issued an order granting in part and denying in part Plaintiff's motion to compel.[8] Specifically, and the reason for which RSC has appealed, Judge Knowles granted the motion with respect to Plaintiff's Requests for Production Nos. 11, 17, 33, and 34, subject to the qualification that:

> [D]efendant need produce the documents only after the protective order is filed into the record of this case. The documents will be subject to the protective order. In a lawsuit such as this, a plaintiff is generally entitled to discover information about similarly-situated employees. *See Yeager v. Corinthian Colls., Inc.*, No. Civ. A. 01-3122, 2002 WL 1976773, *3 (E.D. La. Aug. 23, 2002). Thus, with regard to these requests, defendant shall produce responsive documents but only as to other employees who held a position comparable to hers during the requested time period.[9]

---

[4] R. Doc. 66-1 at p. 2.

[5] R. Doc. 66-1 at p. 2.

[6] R. Doc. 66.

[7] R. Doc. 99.

[8] R. Doc. 103.

[9] R. Doc. 103 at p. 3. According to RSC, R. Doc. 162-1 at p. 4, Requests for Production Nos. 11, 17, 33, and 34 demand:

> 11. For each outside sales representative employed by RSC in Louisiana, and the region or geographic area which includes or included Louisiana on the date on which Soule's employment with RSC was terminated, please produce all documents reflecting their gross sales figures, the number of sales made during each calendar and/or fiscal year for the period covered by these requests until the date Soule was terminated, including sales for year 2010 and year to date in 2011, the identity of each customer to whom each such sale was made, the dollar amount of each such sale, the gross amount of sales to each customer, the annual gross sales for each

In response to the Judge Knowles' decision, RSC filed a "Motion for Clarification of May 2, 2012 Order" on May 11, 2012.[10] In that motion, RSC argued that "[i]t appears that Requests for Production of sales and business data were inadvertently included among Requests for Production of personnel documents in the Order. . . . RSC therefore respectfully requests that the Court clarify its Order to specify that RSC is not required to respond to Requests for Production Nos. 11, 17, 33, and 34."[11]

In his June 25, 2012 Order, Judge Knowles found that "a motion for clarification is the improper vehicle through which to obtain the relief sought by defendant. Courts generally recognize a motion as one for clarification when it seeks to rectify only computational or clerical mistakes."[12] Instead, because RSC "dispute[d] a substantive portion of the Court's order," Judge Knowles treated RSC's motion as one for

---

such sales person and the identity of and nature of each item(s) [sic] sold. If there already exist summaries containing annual sales for each, any, and all such sales by individuals, please produce all such summaries. If there are internal comparisons of sales by one or more sales person, please produce all such documents containing such comparisons.

17.  Please produce any and all printouts showing all sales made by Soule for each, any or all of the ten years prior to her termination.

33.  Please produce any and all software, forms, completed and/or partially completed pertaining to Relavis as presented to and received from (a) Soule and (b) all other OSR's in the New Orleans District from August 1, 2008 through January 14, 2011.

34.  Please produce any and all software, forms, completed and/or partially completed pertaining to "Salesforce.com" as presented to and received from (a) Soule and (b) all other OSR's in the New Orleans District from August 1, 2008 through January 14, 2011.

[10] R. Doc. 107.

[11] R. Doc. 107-1 at p. 1.

[12] R. Doc. 150 at p. 2 (citing *Aetna Cas. & Sur. Co. v. Dir., Office of Worker's Comp. Programs*, 97 F.3d 815, 820 (5th Cir. 1996)).

reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a rare remedy that is not used to re-litigate old matters, raise new arguments or present evidence that should have been raised in the earlier motion.[13]

Judge Knowles observed that a court may entertain a motion for reconsideration only if the moving party demonstrates: (1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at *2 (E.D. La. May 26, 2000). Construing RSC's motion as one for reconsideration, Judge Knowles stated "it appears that defendant asks the Court to reconsider its earlier order on the ground that it is necessary to correct a manifest error of law or fact, *i.e.*, the Court should not have ordered defendant to respond to Requests for Production Nos. 11, 17, 33 and 34 because they seek business and sales documents and not third-party personnel documents." Ultimately, Judge Knowles concluded that he did not commit any manifest error of law or fact:

> While the Court recognizes that compliance with the requests will require the production of business and sales documents, such documents are inexorably intertwined with the production of third-party personnel documents. Plaintiff seeks the documents to determine whether defendant treated allegedly comparator employees similarly or differently than plaintiff. The requests are thus reasonably calculated to lead to the discovery of admissible evidence.[14]

He further concluded that "the protective order in place in this lawsuit is adequate to

---

[13] R. Doc. 150 at pp. 3-4.

[14] R. Doc. 150 at p. 4.

protect the documents. There are three levels of confidentiality in the protective order, and, when defendant responds to the requests, it may designate the documents with the appropriate confidential designation."[15]

RSC argues that several points of Judge Knowles' orders were clear error. First, RSC contends that he did not consider the impact of the Louisiana Uniform Trade Secrets Act (La. Rev. Stat. § 51:1431, *et seq.*). Second, RSC asserts that he misinterpreted the scope of the protective order when he found that its "three levels of protection" would adequately protect the trade secrets contained in the business and sales records. Specifically, RSC argues that because these documents will be marked as "Confidential" – a classification that, unlike "Attorney's Eyes Only" or "Restricted Review Document," permits Plaintiff to review the documents – Plaintiff will provide copies to her current employer, a direct competitor of RSC. Third, RSC contends that the business and sales records pertain to a "non-viable legal theory" and thus are undiscoverable. Fourth, RSC argues that Judge Knowles failed to address the extreme overbreadth and undue burden of the requests for production at issue.

Plaintiff responds, first, that RSC's objections are untimely. Second, Plaintiff asserts that these requests for production are reasonably calculated to lead to discoverable evidence because such "[e]vidence of less successful sales personnel who were not terminated, who had other problems or who received or did not receive criticism or Performance Improvement Notices reflecting or ignoring performance issues as to which [Plaintiff] was evaluated goes to credibility and is appropriate, relevant, comparison

---

[15] R. Doc. 150 at p. 4.

evidence."[16] Third, Plaintiff objects to RSC's assertion that the protective order will not adequately safeguard the business and sales data because RSC, essentially, is making an unfounded attack on Plaintiff's character – *i.e.*, that Plaintiff purposefully intends to disclose confidential information to her current employer. Fourth, Plaintiff seeks sanctions because "RSC's current strategy is cynically meant to disrupt [Plaintiff]'s capacity to take effective discovery."[17]

### *Law and Analysis*

A U.S. Magistrate Judge may hear and resolve many pre-trial matters pending before a U.S. District Court. *See* 28 U.S.C. § 636(b)(1). If a party disagrees with the U.S. Magistrate Judge's decision, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); LR 72.2. As another section of this court succinctly summarized:

> Under this standard, factual findings are reviewed for clear error, which is present when the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed. Conclusions of law should be overturned when the magistrate fails to apply or misapplies relevant statutes, case law or rules of procedure. For issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion.

*Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 WL 4724390, at *2 (E.D. La. Oct. 24, 2008) (Berrigan, J.) (citations and quotation marks omitted).

With respect to Plaintiff's argument that RSC's objections are untimely, the Court observes that the normal procedure for a party to follow when it takes issue with a U.S.

---

[16] R. Doc. 204.

[17] R. Doc. 204.

6

Magistrate Judge's order is to appeal that order to the U.S. District Judge. RSC did not follow that procedure. The Court will consider RSC's motion as one for reconsideration only because Judge Knowles did so. The Court will give RSC the benefit of the doubt and consider its appeal timely because following Judge Knowles' denial of its motion for clarification on June 25, 2012, RSC appealed that decision within fourteen days in accordance with Rule 72(a) of the Federal Rules of Civil Procedure and L.R. 72.2.[18]

Turning to the merits of RSC's arguments, the Court finds that Judge Knowles' legal conclusions are not contrary to law. First, RSC briefed the issue of the Louisiana Uniform Trade Secrets Act (the "Act") for Judge Knowles' consideration.[19] While he did not specifically cite the Act in his June 25, 2012 Order, Judge Knowles found that "the protective order in place in this lawsuit is adequate to protect the documents."[20] The Act provides that "reasonable means" by which a court can safeguard trade secrets "include[s] granting protective orders in connection with discovery proceedings." La. Rev. Stat. § 51:1435. Consequently, Judge Knowles' conclusion that RSC's alleged trade secrets are sufficiently shielded under the protective order is not contrary to law.

Second, the Court finds RSC's argument that the protective order will not adequately protect RSC's business records and sales data is unavailing. RSC bases this claim on the assertion that the business and sales records will be classified as "Confidential," the third

---

[18] The issue would have been resolved more quickly had RSC appealed directly to the undersigned. The Court cautions RSC to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana with respect to all filings and appeals.

[19] *See* R. Doc. 107-1 at p. 4. The Court also notes that the portion of the Act that RSC quotes to this Court – "courts 'shall preserve the secrecy of an alleged trade secret by reasonable means' " – is proceeded by the words "[i]n an action under this Chapter," which refers to the Act. *See* R. Doc. 162-1 at p. 5; La. Rev. Stat. § 51:1435. This matter is not "an action under" the Act.

[20] R. Doc. 150 at p. 4.

7

and least secure category of protection, pursuant to the protective order. Because Plaintiff may review documents marked "Confidential," RSC contends that Plaintiff will provide copies of these documents to her current employer, an RSC competitor. In essence, RSC argues that Plaintiff plans to act in direct contravention of this Court's protective order. Plaintiff knows that she may not do so and that if she were to take such actions, she would be severely sanctioned. Nevertheless, the Court observes that denoting the business and sales records as falling within the category "Restricted Review Document," which prohibits Plaintiff's access to documents classified as such, will alleviate RSC's concerns.[21] The Court finds good cause to **AMEND** the protective order so that **any documents** produced in response to Requests for Production Nos. 11, 33, and 34 shall be classified as **Restricted Review Documents**.[22]

Third, RSC contends that Plaintiff seeks the business and sales records in order to support a "non-viable legal theory" – that is, that she "simply cannot establish a pretext by rebutting grounds for termination not proffered by RSC."[23] RSC asserts that "Plaintiff was not terminated because of the sales and business data attributable to her."[24] Rather, Plaintiff was terminated, according to RSC, because of "sustained performance deficiencies related to her Ride Along Evaluations, failure to complete and submit reports on time, failure to provide adequate notification concerning schedule changes, and unprofessional

---

[21] As currently written, the protective order limits Restricted Review Documents to documents stamped with certain Bates numbers. *See* R. Doc. 110 at p. 2.

[22] The Court excludes Request for Production No. 17 from this list because it pertains solely to Plaintiff and no other RSC employees or former employees. *See* n. 9, *supra*.

[23] R. Doc. 162-1 at p. 9.

[24] R. Doc. 162-1 at p. 10.

communication."[25] As a result, RSC argues that Plaintiff "cannot establish a pretext by rebutting grounds not proffered by RSC as a basis for [Plaintiff]'s termination."[26] Plaintiff alleges that she was treated differently from her younger, male counterparts due to her age and sex, as well as her need to care for a sick family member. In *Reeves v. Sanderson Plumbing Prods., Inc.*, the U.S. Supreme Court stated that a "plaintiff – once the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision – must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves*, 530 U.S. 133, 144-47, 120 S. Ct. 2097 (U.S. 2000) (citations and quotation marks omitted). The U.S. Supreme Court explained that a plaintiff may demonstrate she was the victim of intentional discrimination by showing that the employer's proffered explanation is false or is "unworthy of credence." *Reeves*, 530 U.S. at 144-47; *see also Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005) ("In *Reeves* . . ., the Supreme Court explained that a plaintiff may establish pretext by proving that the defendant's explanation for an employment decision is 'unworthy of credence' or that the defendant's explanation is false." (citing *Reeves*, 530 U.S. at 147)). The *Reeves* Court further opined that, nevertheless, " '[i]t is not enough . . . to *dis*believe the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination.' " *Reeves*, 530 U.S. at 147 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 519, 113 S. Ct. 2742) (alterations and emphasis in original).

Consequently, Plaintiff may rebut each non-discriminatory explanation that RSC

---

[25] R. Doc. 241 at p. 3.

[26] R. Doc. 162-1 at p. 10.

9

offers as its reasons for terminating Plaintiff, and yet the factfinder still may not be convinced that Plaintiff was illegally terminated due to her age, sex or for exercising her rights under the Family Medical Leave Act. As Plaintiff was employed in a sales position, a profession where job retention and advancement is typically dependent upon the employee's sales data, it logically follows that Plaintiff may be able to show that the only basis for her termination was discrimination given that she allegedly was the best salesperson in her district. Indeed, as Judge Knowles likewise observed in his June 25, 2012 Order, "[w]hile the Court recognizes that compliance with the requests will require the production of business and sales documents, such documents *are inexorably intertwined* with the production of third-party personnel documents."[27] Consequently, the Court finds that Plaintiff is not pursuing a clearly "non-viable legal theory" and that Judge Knowles' determinations were not contrary to law.

Fourth, RSC argues that Plaintiff's requests for production are extremely overbroad and impose an undue burden because they seek up to ten years' worth of documents. Resolution of such discovery disputes are committed to a U.S. Magistrate Judge's sound discretion. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("Discovery matters are entrusted to the 'sound discretion' of the district court.") (citing *Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir.1990)); *Kiln Underwriting*, 2008 WL 4724390, at *2 ("For issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion."). Plaintiff began her employment with RSC on January 1, 1996, and separated from RSC on January 14, 2011.[28]

---

[27] R. Doc. 150 at p. 4 (emphasis added).

[28] R. Doc. 48 at p. 2.

In light of her long tenure with the company, and what she seeks to prove *vis-à-vis* her job performance and comparator employees, the Court finds that Judge Knowles did not abuse his discretion in determining that Plaintiff should have access to a fairly extensive range of business and sales records. At the same time, the Court concludes that **five (5) years'** worth of business and sales records is sufficient for Plaintiff's purposes. Accordingly, RSC must produce **five (5) years'** worth of business and sales records in response to Plaintiff's Requests for Production Nos. 11, 17, 33, and 34.

Finally, Plaintiff requests for sanctions and attorney's fees due to RSC's appeal.[29] Given that the trial in this matter has been continued and the parties have more than sufficient time to prepare, and that the behavior of both parties has contributed to the protracted nature of the discovery process, the Court concludes that imposing sanctions and attorney's fees on RSC is not appropriate at this time. The Court encourages the parties to work amicably and professionally with one another for the remaining months before trial, as the Court has limited resources and cannot devote its time to acting as a referee for repeated, unnecessary discovery disputes.

**IT IS SO ORDERED**.

New Orleans, Louisiana, this __30th__ day of October, 2012.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[29] R. Doc. 204 at pp. 6-8.