# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY JANE SOULE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2022** |
| **RSC EQUIPMENT RENTAL, INC.** | **SECTION "E" (3)** |

## ORDER

Before the Court is defendant's Motion for Attorneys' Fees and Costs [Doc. #115]. For the following reasons, the motion is granted in part as outlined below.

**I.     Background**

The complaint alleges as follows. Defendant RSC Rental Equipment, Inc. ("defendant") employed plaintiff as an outside sales representative from January 1, 1996 through January 14, 2011. In October 2009, plaintiff began to commute to Pensacola, Florida on the weekends to care for her sick and infirm mother. Plaintiff's husband cares for her mother during the week. Plaintiff informed her immediate supervisor, Bill Hoffpauir, of the commute and the need to care for her mother.

Plaintiff alleges that once she began the commute, defendant began a campaign of harassment and retaliation against her, including, but not limited to, scheduling meetings when defendant knew plaintiff would not be in town, complaining about her absences, and adding unwarranted pressure on plaintiff about her job performance.

In October 2010, defendant informed plaintiff of her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. Plaintiff completed forms, and defendant ultimately approved her for intermittent leave. Even after it approved her leave, however, defendant allegedly continued the harassment and retaliation, which ultimately culminated in the termination of her employment on January 11, 2011. Plaintiff then sued defendant for, *inter alia*, violations of the FMLA.

On February 9, 2012, this Court granted in part defendant's Motion for Protective Order Governing Confidential Documents and Information [Doc. #40]. In that Order, the Court ordered the parties to modify the proposed protective order to comply with the Order and file it into the record. [*Id.*]. Defendant did so [Doc. #42], but plaintiff appealed this Court's decision to the District Court. [Doc. #44]. On March 15, 2012, the District Court denied plaintiff's appeal and specifically informed the parties that "[w]aste of the resources of this Court and/or parties shall not be tolerated." [Doc. #65].

After the District Court denied the appeal, this Court allowed the parties to brief any objections to the proposed protective order. [Doc. #78]. Plaintiff and defendant both filed memoranda. Plaintiff objected to numerous paragraphs in the proposed protective order, and defendant opposed plaintiff's objections.

After oral argument, on May 2, 2012, this Court issued an order in which it stated:

> The Court finds the substantial majority of plaintiff's objections to the protective order to be specious and a direct violation of the District Court's order not to waste the resources of this Court. The protective order should not have generated such contentiousness. Defendant asked for its attorneys' fees and costs for having had to file its memoranda here concerning the protective order. The Court will entertain the appropriate motion with supporting documentation should defendant wish to file one.

[Doc. #103 at p. 5]. In addition, at the oral hearing on the motion, this Court noted:

> …after reading your arguments with regard to the protective order, I find most of

them specious and virtually all of them picky and this Court is simply not going to tolerate it.

I can fix this protective order in about five minutes by changing some of the language on things that you have legitimately pointed out. But I find that it is a violation of Judge Englehardt's Order in terms of wasting this Court's time. And I will issue an opinion to that effect.

\* \* \*

… I believe that the dispute over the protective order in this matter is a violation of Judge Engelhardt's order, it is a waste of this Court's time, it is a waste of the parties' resources. And, as I said, I will issue my ruling with regard to the changes of the protective order which I think can be changed with just a few words.

[Transcript, April 18, 2012 Hearing, at 12:16-13:14].

On May 24, 2012, defendant filed its Motion for Attorneys' Fees and Costs [Doc. #115]. Plaintiff opposes the motion.

## II. Law and Analysis

A court may impose sanctions upon "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 29 U.S.C. § 1927. Of course, Section 1927 is to be strictly construed, and sanctions may not be imposed for mere negligence on the part of counsel. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). However, Section 1927 sanctions are appropriate when an attorney has acted in bad faith, with improper motive, or with a reckless disregard of the duty owed to the court. *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994); *Travelers Ins. Co. v. St. Jude Hosp. of Kenner*, 38 F.3d 1414, 1417 (5th Cir. 1994).

As the Fifth Circuit noted in *Ratliff v. Stewart*,

"Improper purpose" does not necessarily refer to bad faith or intent to harass. Vexation implies something broader than that. To "vex" is defined, among others things, as "to bring trouble or distress to," "to subject to mental suffering," or "to irritate or annoy," as well as "to tease or torment." Webster's Third New International Dictionary of the English Language 2548 (1981). Consistent with this, in *Calhoun* we did not hold that the only way to establish an "improper purpose" is by showing bad faith. Indeed, any "reckless disregard of the duty owed to the court"

3

can suffice. *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir.1998). 508 F.3d 225, 235 n.13 (5th Cir. 2007).

The District Court here warned the parties early on in this litigation that a waste of this Court's or the parties' resources would not be tolerated. Unfortunately, *neither* party has heeded that warning. But in this instance, the Court found, – and as noted above – explicitly so stated at the oral hearing, that the majority of plaintiff's objections to the protective order were specious. Accordingly, the Court finds that an award of attorneys' fees is warranted for defendant's efforts to obtain a protective order in this matter. There should have been compromise here, and the dispute over the protective order should not have become a battle of wills between counsel and should certainly not have prompted the numerous objections lodged by plaintiff.

Plaintiff objects to the amount of attorneys' fees that defendant seeks here. Plaintiff argues that the hours sought by defendant are unreasonable because on the date of the oral hearing, the parties argued three motions, not just the Notice of Lodging of Proposed Order. For example, plaintiff notes that defendant billed 3.3 hours to "[p]repare hearing binder for all *three* motions to be heard by Magistrate Knowles." [Aff. of Mary Ellen Simonson, Doc. #115-2 at ¶5 (emphasis added)].

The Court finds that plaintiff's objections have merit. While the Court will award defendant its attorneys' fees and costs with regard to the Notice of Lodging of Proposed Order, the Court will not award defendant those fees and costs associated with the other two motions on that date. In addition, the Court recognizes that it did modify the protective order, albeit slightly and only with respect to two paragraphs. Defendant seeks $8,094.77 in fees and costs. The Court, in its sound discretion, reduces the fees and costs sought to $3,000.00.

4

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that defendant's Motion for Attorneys' Fees and Costs [Doc. #115] is GRANTED IN PART to the extent that the Court awards defendant attorneys' fees and costs in the amount of $3,000.00.

New Orleans, Louisiana, this 29th day of November, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**